IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NELSON OCASIO,                           :
                                         :
        Plaintiff,                       :
                                         :  CIVIL ACTION
    v.                                   :
                                         :  NO. 17-cv-755
MAYOR MICHAEL CIACH, COUNCIL             :
PRESIDENT CHRISTINE PETERSON,            :
and THE BOROUGH OF UPLAND,               :
                                         :
        Defendants.                      :

**MEMORANDUM**

Joyner, J.                                        August 3, 2017

Before the Court are Defendants' Motion for Partial Dismissal and Defendants' Motion to Strike (Doc. No. 11) and Plaintiff's response thereto (Doc. No. 12). For the reasons below, Defendants' Motion for Partial Dismissal is GRANTED IN PART and DENIED IN PART, and Defendants' Motion to Strike is DENIED.

I. **Factual and Procedural Background**[1]

This case requires us to consider the circumstances surrounding the termination of the chief of police for the Borough of Upland, Pennsylvania. Plaintiff Nelson Ocasio was

---

[1] Unless otherwise noted, the facts are taken from Plaintiff's Complaint. ("Compl.," Doc. No. 1). In line with the standards governing Fed. R. Civ. P. 12(b)(6), all factual allegations in the Complaint are generally accepted as true. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

1

appointed chief of police in January 2013, and he served in that post until February 23, 2016. (Compl. at ¶¶ 10, 18). On that date he was informed by Mayor Michael Ciach and Councilperson Christine Peterson that he was being terminated. Id. at ¶ 18. The Complaint proffers two possible motivations for that firing: first, a desire to stifle an investigation into possible criminal behavior on the part of Ms. Peterson, and, second, racial animus.

As to the first possible motivation, Mr. Ocasio alleges that, on February 8, 2016, he noticed that time cards from the previous summer for an Upland Borough police officer named Michael Irey appeared to be forged. Id. at ¶¶ 11-15. Mr. Ocasio arrived at that conclusion because the time cards bore his forged signature and because he recalled that Mr. Irey was scheduled to be on vacation during the time period reflected on the time cards. Id. at ¶¶ 13-14. That recollection was seemingly corroborated by Mr. Ocasio's examination of Mr. Irey's Facebook posts, which indicated that Mr. Irey was indeed vacationing in North Carolina on the same days that his time cards reported him to be at work in Pennsylvania. Id. at ¶ 15. Believing that Ms. Peterson was the only person aside from himself with access to Police Department time cards,[2] Mr. Ocasio filed an Affidavit of Probable Cause and charged Ms. Peterson with forgery, theft by

---

[2] In addition to serving as councilperson, Ms. Peterson was apparently also an administrative assistant for the Upland Borough Police Department. (Compl. at ¶ 11).

unlawful taking and tampering with government records. Id. at ¶¶ 16-17. The very next day, Mr. Ocasio was fired. Id. at ¶ 18.

As to the second possible motivation behind his firing—racial animus—Mr. Ocasio points to a track record of racial comments allegedly made by Ms. Peterson. In particular, he alleges that, in conversations with numerous Upland Borough elected officials, Ms. Peterson referred to him as "a spic," a "wetback," and an "illegal Mexican." Id. at ¶ 19. Mr. Ocasio further alleges that when Ms. Peterson learned that he would succeed then-Upland Borough Chief John Easton, an African-American, Ms. Peterson said, "First a nigger and now a spic?" Id. at ¶ 20. That comment was allegedly made in the presence of Upland Councilman Harold Peden, Councilman Edward Mitchell, and Chester Police Chief Joseph Bail. Id.

Plaintiff filed his Complaint on February 16, 2017. Count I asserts a procedural due process claim under the Fourteenth Amendment against Mr. Ciach and Ms. Peterson in their individual and official capacities. Id. at ¶¶ 21-30. Count II asserts a claim for First Amendment retaliation under the speech and petition clauses, also against Mr. Ciach and Ms. Peterson in their individual and official capacities. Id. at ¶¶ 31-46. Count III asserts a Whistleblower Law claim against all Defendants. Id. at ¶¶ 47-59. Finally, Count IV asserts a claim against all Defendants for conspiracy as to the first three

counts. Id. at ¶¶ 60-62. Defendants waived service on March 3, 2017 and timely filed their present Motion on May 1, 2017, in which they seek dismissal of Counts II, III, and IV along with dismissal of all claims against Mr. Ciach and Ms. Peterson in their official capacities. (Doc. No. 7; Doc. No. 11). Defendants have elected not to move for dismissal of Count I as to Mr. Ciach and Ms. Peterson in their individual capacities.

Defendants also ask the Court to strike from the Complaint paragraphs 19, 20, and 52, in which Plaintiff's allegations regarding Ms. Peterson's racial comments appear. (Doc. No. 11). Plaintiff filed a timely response on May 15, 2017, in which he stipulated and agreed that Counts II and III of the Complaint should be dismissed. (Doc. No. 12). In all other respects, Plaintiff argues that Defendants' Motions should be denied. Id.

**II. Motion to Dismiss**

**A. Standard of Review**

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering such a motion, a district court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140, 142 (3d Cir. 2002) (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. Id. (citation omitted). Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 176 (3d Cir. 2010) (citing Twombly, 550 U.S. at 555). Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**B. Analysis**

Broadly speaking, Defendants present us with five arguments in favor of dismissing various pieces of Plaintiff's Complaint, only one of which is meaningfully contested by Plaintiff in his opposition. Of the four uncontested arguments, two are specific to Plaintiffs' Whistleblower Law claim and First Amendment

5

retaliation claim. As noted above, Plaintiff has explicitly stipulated and agreed that those claims should be dismissed. For that reason alone, Count II and Count III are dismissed with prejudice, and the Court will disregard Defendants' substantive arguments in favor of their dismissal as moot.

Defendants also argue that portions of Plaintiff's Complaint should be dismissed because (1) it fails to set forth a viable Monell claim against either the Borough of Upland or Mr. Ciach and Ms. Peterson in their official capacities and (2) the claims against Mr. Ciach and Ms. Peterson in their official capacities are duplicative of Plaintiff's claims against the Borough of Upland. Plaintiff's opposition fails to acknowledge or respond to these two arguments in any fashion, and so we treat those portions of Defendants' Motion for Partial Dismissal as uncontested. See, e.g., Levy-Tatum v. Navient Sols., Inc., 183 F. Supp. 3d 701, 712 (E.D. Pa. 2016); Jackson v. J. Lewis Crozer Library, No. CIV.A.07-0481, 2007 WL 2407102, at *6 (E.D. Pa. Aug. 22, 2007). The practical effect is that all claims against the Borough of Upland and Mr. Ciach and Ms. Peterson in their official capacities are dismissed with prejudice.[3]

---

[3] Defendants argue that Plaintiff failed to set forth a viable Monell claim against either the Borough of Upland or Mr. Ciach and Ms. Peterson in their official capacities. Pursuant to the Supreme Court's decision in Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978), a municipality, like Upland Borough here, can be liable under § 1983 or § 1985 only when it acts on "'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by' the officers of that municipality." Langford v. City

Finally, Defendants argue—and Plaintiff disputes—that the Complaint fails to allege sufficient facts to establish a conspiracy claim. Because this argument was contested by Plaintiff in his response, we will more fulsomely address the parties' arguments below.

**C. Plaintiff's Conspiracy Claims (Count IV)**

Count IV of Plaintiff's Complaint advances three distinct conspiracy claims, each tracking one of the underlying claims asserted in Count I, Count II, or Count III. Although the Complaint is not perfectly clear about the nature of these alleged conspiracies, the Court understands Plaintiff to be alleging that Defendants conspired to:

   (a) violate Plaintiff's Fourteenth Amendment right to pre-deprivation procedural due process;

   (b) violate Plaintiff's First Amendment right to free speech and to petition the Government for a redress of grievances; and

   (c) violate Pennsylvania's Whistleblower Law.

---

of Atl. City, 235 F.3d 845, 847 (3d Cir. 2000) (quoting Monell, 436 U.S. at 690). Plaintiff has failed to offer any response to this argument, and so all claims against the Borough of Upland and Mr. Ciach and Ms. Peterson in their official capacities are appropriately dismissed with prejudice. Defendants also argued that Plaintiff's claims against Mr. Ciach and Ms. Peterson in their official capacities should be dismissed with prejudice on the ground that they are duplicative of Plaintiff's claims against the Borough of Upland. Because the Complaint does not assert a claim against the Borough of Upland under Count I, we deem Defendants' duplication argument to be applicable to Count IV only. Having received no response from Plaintiff, conspiracy claims against Mr. Ciach and Ms. Peterson in their official capacities are thus also dismissed for the independent reason that they are duplicative.

7

As we have already observed, Plaintiff agreed and stipulated to the dismissal of the claims asserted in Count II and Count III, but he has not (at least not explicitly) waived his related claims for conspiracy to violate his First Amendment rights and conspiracy to violate Pennsylvania's Whistleblower Law.  As a threshold matter, then, we must determine whether the latter two conspiracy claims can survive dismissal where Plaintiff has elected not to pursue his claims regarding the underlying conduct that Defendants allegedly conspired to commit.

*Conspiracy to Violate First Amendment and Whistleblower Law*

Plaintiff's First Amendment claim arises under 42 U.S.C. § 1983, which authorizes private parties to enforce their federal constitutional rights against defendants who act under color of state law.  His related claim for a conspiracy to violate the First Amendment arises under 42 U.S.C. § 1985, which authorizes a plaintiff to bring a claim for conspiracy to violate an individual's civil rights in violation of § 1983.  See Chavarriaga v. New Jersey Dep't of Corr., 806 F.3d 210, 224 (3d Cir. 2015).  The conspiracy claim cannot survive alone; it is dependent on Plaintiff proving a violation of his rights under § 1983.  See Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 809 (8th Cir. 1999) (affirming dismissal of claims that defendants conspired to violate First and Fourteenth Amendments on the ground that the underlying claims were themselves properly

8

dismissed). We hold, therefore, that Plaintiff's claim for conspiracy to violate his First Amendment rights must be dismissed.

Plaintiff's Whistleblower Law claim arises under the Pennsylvania Whistleblower Law, 43 Pa. Stat. §§ 1421-28. Civil conspiracy to violate state law is a recognized cause of action in Pennsylvania. See Burnside v. Abbott Labs., 351 Pa. Super. 264, 277 (1985). "Under Pennsylvania law, the statute of limitations for a civil conspiracy is determined by the Pennsylvania statute of limitations pertaining to the substantive offense most closely related to that which the defendants were alleged to have conspired to commit." Stann v. Olander Prop. Mgmt. Co. Inc., No. CIV.A. 11-7865, 2015 WL 4505932, at *6 (E.D. Pa. July 24, 2015) (citing Ammlung v. City of Chester, 494 F.2d 811, 814-15 (3d Cir. 1974) (internal quotation marks and alteration omitted). Plaintiff alleges a civil conspiracy to violate the Pennsylvania Whistleblower Law, so the civil conspiracy claim is subject to the same statute of limitations that would govern his Whistleblower Law claim. See id. Pursuant to 43 Pa. Stat. § 1424(a), a Whistleblower Law claim must be brought within 180 days after the occurrence of the alleged violation. Plaintiff alleges that he was fired on February 23, 2016. (Compl. at ¶ 18). Because his Complaint was not filed until February 16, 2017, more than 180 days after he was fired,

his claim for conspiracy to violate the Whistleblower Law is time-barred and is appropriately dismissed at this juncture.

*Conspiracy to Violate Fourteenth Amendment*

Finally, we turn to Plaintiff's claim for conspiracy to violate his procedural due process rights. Plaintiff's procedural due process claim, which Defendants do not attack at this stage of the litigation, arises under 42 U.S.C. § 1983, and his related claim for a conspiracy to violate his procedural due process rights arises under 42 U.S.C. § 1985. See Chavarriaga, 806 F.3d at 224. This Court is "mindful that direct evidence of a conspiracy is rarely available and that the existence of a conspiracy must usually be inferred from the circumstances." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (citation omitted). "The Court is equally mindful that caution is advised in any pre-trial disposition of conspiracy allegations in civil rights actions." Id. at 184-85 (citation omitted). "However, the rule is clear that allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Id. (citation omitted). See also Mikhail v. Kahn, 572 F. App'x 68, 72 (3d Cir. 2014) ("To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").

Defendants argue that Plaintiff has failed to plead any

facts that would establish a conspiracy to violate his civil rights. (Doc. No. 11, at 14). In particular, Defendants say Plaintiff's Complaint is devoid of any specific factual allegations that establish any agreement or understanding to plot, plan or conspire to carry out a civil rights violation. Id. at 15. We disagree. The Complaint alleges that on February 23, 2016, Mr. Ciach and Ms. Peterson *together* informed him that he was terminated as chief of police. (Compl. at ¶ 18). That allegation easily permits the natural inference that Defendants agreed to fire Plaintiff, and it is that firing which is at the heart of Plaintiff's underlying § 1983 claim. The Complaint also includes detailed allegations that suggest racial animus on the part of Ms. Peterson, one of the alleged conspirators. See id. at ¶¶ 19, 20, 52. Because the Complaint alleges sufficient facts from which a conspiracy could be inferred, we hold that Plaintiff has adequately stated a claim for conspiracy to violate his procedural due process rights.

**III. Motion to Strike**

Defendants request that the Court strike three paragraphs from the Complaint—namely, Paragraphs 19, 20, and 52. Each of these paragraphs contain allegations that Ms. Peterson used racial epithets when referring to Plaintiff and others. Under Federal Rule of Civil Procedure 12(f), the Court is authorized to "strike from a pleading . . . any redundant, immaterial,

impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Although courts "enjoy liberal discretion to strike pleadings under Rule 12(f)," doing so is generally viewed as "an extreme and disfavored measure." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). See also Yates v. Commercial Index Bureau, Inc., 861 F. Supp. 2d 546, 552 n.8 (E.D. Pa. 2012) (noting that Rule 12(f) motions are "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues") (citation omitted).

Defendants argue that the allegations of racial epithets are immaterial to Plaintiff's claims and included solely for the purpose of embarrassing Ms. Peterson. (Doc. No. 11, at 18). We disagree. However scandalous and embarrassing the allegations against Ms. Peterson may be, they are relevant to Plaintiff's claims that Defendants deprived Plaintiff of his rights without due process, and, indeed, conspired to do so. They may also be relevant to Plaintiff's demand for punitive damages. See Compl. at ¶ 68.

**IV. Conclusion**

For the foregoing reasons, Defendants' Motion is GRANTED in part and DENIED in part. To wit, all claims against Defendant Borough of Upland and Defendants Ciach and Peterson in their official capacities are dismissed with prejudice. Furthermore,

12

Counts II and III of Plaintiff's Complaint are dismissed with prejudice.  Plaintiff's claims in Counts I and IV against Defendants Ciach and Peterson in their individual capacities will be permitted to proceed, except that any claims against the remaining Defendants for conspiracy to violate the First Amendment or Whistleblower Act are dismissed with prejudice.  Defendants' Motion to Strike is DENIED.  An appropriate Order follows.